UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GHALIB ABDUL MUNTAQIM-BEY,

    Petitioner,

v.                                       Case No. 10-12478

LLOYD RAPELJE,                    Honorable Patrick J. Duggan

    Respondent.
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS THE HABEAS PETITION, HOLDING THE PETITION IN ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES, AND ADMINISTRATIVELY CLOSING THE CASE

Ghalib Abdul Muntaqim-Bey ("Petitioner"), a state prisoner currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for second-degree murder, Michigan Compiled Laws § 750.317.  Before the Court is Respondent Lloyd Rapelje's motion to dismiss the petition for failure to exhaust state court remedies. The Court agrees that Petitioner has failed to exhaust his state court remedies.  For the reasons set forth below, however, the Court will hold the petition in abeyance rather than dismiss it.  This will enable Petitioner to either pursue his unexhausted remedies in state court or amend and resubmit the petition with only his exhausted claim.  The Court also administratively closes the case.

**I. Background**

Petitioner was charged with first-degree murder in Wayne County, Michigan. The charge arose from allegations that Petitioner beat and killed Richard Taylor III with a baseball bat in Inkster, Michigan on August 20, 2006. Petitioner's defense at trial was that he was attending a social gathering in Detroit when the crime occurred. Following a jury trial in Wayne County Circuit Court, Petitioner was found guilty of the lesser-included offense of second-degree murder, Michigan Compiled Laws § 750.317. On August 24, 2007, the trial court sentenced Petitioner to imprisonment for a minimum of twenty-eight years and a maximum of forty-one years and eight months.

Petitioner appealed his conviction, arguing that: (1) his wife should not have been permitted to testify at trial because (a) the testimony violated the marital privilege and (b) the prosecutor failed to provide timely notice of his intent to produce Petitioner's wife as a rebuttal witness, and defense counsel was ineffective for failing to object; (2) the prosecutor committed misconduct by misrepresenting evidence during closing arguments, and defense counsel was ineffective for failing to object; and (3) the trial court incorrectly scored prior record variable 1 of the Michigan sentencing guidelines. The Michigan Court of Appeals was unpersuaded by these arguments and affirmed Petitioner's conviction and sentence in an unpublished *per curiam* opinion. *See People v. Muntaqim-Bey*, No. 280323 (Mich. Ct. App. Feb. 5, 2009). Petitioner raised the same issues in the Michigan Supreme Court, which denied leave to appeal on June 23, 2009. *See People v. Muntaqim-Bey*, 483 Mich. 1113, 766 N.W.2d 846 (Mich. 2009).

Petitioner filed his habeas corpus petition on June 23, 2010. He claims that: (1) the trial court deprived him of due process by allowing the prosecution to call his wife as a

rebuttal witness; (2) trial counsel was ineffective for failing to object to the prosecution's expert witness; (3) trial counsel was ineffective for failing to assert that the victim died from injuries sustained from falling out of bed while he was recovering from his initial injuries; and (4) trial counsel was ineffective for failing to object to the trial court's improper statements, improper jury instructions, and refusal to permit the jury to review certain testimony.

Respondent argues in his motion to dismiss the petition that the entire petition must be dismissed because Petitioner failed to exhaust state remedies for claims two through four. Petitioner has not filed a reply to Respondent's motion.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). State prisoners must present each claim to the state court of appeals and to the state supreme court before filing a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner raised his first claim, regarding the admission of his wife's testimony, to the Michigan Court of Appeals and to the Michigan Supreme Court. He did not present claims two through four in either state appellate court. Thus, the habeas petition is a "mixed" petition of one exhausted claim and three unexhausted claims.

Courts ordinarily must dismiss "mixed" petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the

habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982). Dismissal of the pending petition for failure to exhaust state remedies, however, could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

Faced with a similar dilemma, some courts have adopted a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275, 125 S. Ct. 1528, 1534 (2005). Under this approach, courts stay the habeas petition while the prisoner returns to state court to pursue additional remedies for the unexhausted claims. *Id.* As explained by the Supreme Court:

> [T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when [28 U.S.C. § 2254(b)(2)] gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims . . . and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of [the] 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83, 121 S. Ct. 2120, 2130 (2001) (Stevens, J., concurring in part and concurring in the judgment). After the state court completes its review of the prisoner's new claims, the federal court can lift its stay and allow the prisoner to proceed in federal court. *Rhines*, 544 U.S. at 275-76, 125 S. Ct. at 1534.

Stay and abeyance are permissible when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in intentional dilatory litigation tactics. *Id.* at 277-78, 125 S. Ct. at 1535. Petitioner has not engaged in abusive litigation tactics, and his unexhausted claims are not plainly meritless. Petitioner attempts to show "cause" for

4

the failure to exhaust all his claims first in state court by stating that he did not receive the necessary court records from his appellate attorney until the month before he filed his habeas petition. The Court concludes that it would not be an abuse of discretion to stay this case.

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss is **DENIED** without prejudice. Rather than dismiss the petition, the Court will hold the petition in abeyance so that Petitioner can pursue additional remedies in state court.

**IT IS FURTHER ORDERED** that the Court's stay is conditioned on Petitioner presenting his unexhausted claims to the trial court in a motion for relief from judgment within **sixty (60) days** of the date of this order. If Petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas petition and a motion to lift the stay, using the same case number and caption that appears on this order. The motion to lift the stay must be filed within **sixty (60) days** of exhausting state remedies for claims two through four.

**IT IF FURTHER ORDERED** that if Petitioner prefers to have the Court proceed with his exhausted claim, he shall delete the unexhausted claims (claims two through four) and submit an amended petition to the Court with only his exhausted first claim. If Petitioner chooses this option, he shall submit his amended petition to the Court within **sixty (60) days** of the date of this order. Failure to comply with this order may result in the dismissal of this action with prejudice.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of the Court to

5

**CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Dated: April 1, 2011

Copies to:

Ghalib Abdul Muntaqim-Bey, #130425
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Andrea M. Christensen, A.A.G.