UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GHALIB ABDUL MUNTAQIM BEY,

        Petitioner,

                                    Case No. 10-12478

v.

                                    Honorable Patrick J. Duggan

LLOYD RAPELJE,

        Respondent.
_____/

## ORDER DIRECTING PETITIONER AND HIS ATTORNEY TO NOTIFY THE COURT WHETHER PETITIONER IS STILL REPRESENTED BY COUNSEL OR IS PROCEEDING *PRO SE*

On June 23, 2010, Ghalib Abdul Muntaqim Bey ("Petitioner") filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition challenged Petitioner's Wayne County conviction and sentence of twenty-eight to forty-one years for second-degree murder. Petitioner asserted as grounds for relief that: (1) the trial court deprived him of due process by admitting testimony from a rebuttal witness; (2) trial counsel was ineffective for failing to object to the prosecution's expert witness; (3) trial counsel was ineffective for failing to present a defense to the charges; and (4) trial counsel was ineffective for failing to object to the trial court's instructions to the jury.

On December 27, 2010, respondent Lloyd Rapelje filed a motion to dismiss

the habeas petition. He argued through counsel that, although Petitioner raised his first claim on direct appeal, he failed to exhaust state remedies for claims two through four and he still had an available state remedy to exhaust. In an order dated April 1, 2011, the Court denied Respondent's motion and held the habeas petition in abeyance so that Petitioner could pursue additional state-court remedies. The Court then closed this case for administrative purposes only.

On November 4, 2014, attorney Laura K. Sutton filed an appearance in Petitioner's behalf, along with a motion to lift the stay and an amended brief in support of Petitioner's habeas corpus petition. Ms. Sutton's amended brief alleges that: (1) Petitioner is innocent of the crime for which he is incarcerated; (2) the prosecutor misrepresented evidence during closing arguments; (3) trial counsel should have (a) investigated the circumstances of the victim's death, thereby providing a defense against the causation element of murder, and (b) objected to evidence on the ground of the husband-wife privilege; (4) appellate counsel was ineffective for failing to include these issues on direct appeal; and (5) Petitioner's sentence violates the Fourteenth Amendment to the United States Constitution.

On the same day that the Court received Ms. Sutton's motion and amended brief, the Court received a *pro se* motion from Petitioner. His motion seeks relief from judgment or lifting of the stay and reinstatement of his habeas petition. In an

amended habeas corpus petition attached to Petitioner's motion, he sets forth the following grounds for relief: (1) the prosecutor committed a fraud on the court by allowing tainted testimonial evidence on the cause of death; (2) trial counsel was ineffective for failing to obtain the victim's complete medical report, which would have proved that Petitioner did not cause the victim's death; (3) Petitioner is actually innocent of the homicide; (4) appellate counsel was ineffective for failing to present these claims on direct appeal; and (5) Petitioner was denied his constitutional right to confront witnesses regarding medical treatment which the victim received after falling out of bed two months after the crime.

Petitioner's amended petition differs from Ms. Sutton's amended brief in that it contains two claims (fraud on the court and denial of the right to confront witnesses) not raised in Ms. Sutton's brief. Ms. Sutton's brief, on the other hand, contains two claims (prosecutorial misconduct and unconstitutional sentence) that Petitioner did not raise in his *pro se* brief. Consequently, the Court is unable to determine which claims are being presented to the Court for review. An additional dilemma is whether the Court and counsel for Respondent should communicate with Ms. Sutton or Petitioner.

Accordingly,

**IT IS ORDERED** that Ms. Sutton and Petitioner shall confer with each

other and notify the Court within **thirty (30) days** of this order whether Ms. Sutton is representing Petitioner or whether Petitioner is representing himself in this matter.

**IT IS SO ORDERED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Dated: March 23, 2015

**Copies to:**

Laura Kathleen Sutton, Esq.
Andrea M. Christensen-Brown, Esq.

Ghalib Abdul Muntaqim Bey, #130425
Lakeland Correctional Facility
141 First Street
Coldwater, MI  49036