UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GHALIB ABDUL MUNTAQIM-BEY,

        Petitioner,

v.                                           CASE NO. 10-cv-12478
                                             HONORABLE SEAN F. COX

LLOYD RAPELJE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR A STAY**
(ECF No. 27)

       This pending habeas corpus case has come before the Court on petitioner Ghalib Abdul Muntaqim-Bey's motion for a stay so that he can raise an unexhausted sentencing claim in the state courts. The Court has determined that Petitioner's sentencing claim lacks potential merit. Accordingly, the Court will deny the stay. A procedural history of the case and reasons for the Court's decision follow.

**I. Introduction and Background**

**A. The Conviction, Sentence, and Direct Appeal**

       In 2007, a jury in Wayne County Circuit Court found Petitioner guilty of second-degree murder, Mich. Comp. Laws § 750.317. On August 24, 2007, the trial court sentenced Petitioner to imprisonment for 336 to 500 months (twenty-eight years to forty-one years, eight months).

       On appeal from his conviction, Petitioner argued that: (1) his wife's trial testimony was inadmissible, and trial counsel was ineffective for failing to object to the testimony on the basis of the husband-wife privilege; (2) the prosecutor misstated a

witness's identification testimony, and trial counsel was ineffective for failing to object; (3) the trial court incorrectly scored prior record variable one regarding the ten-year-gap rule; and (4) the trial court erred in allowing rebuttal testimony because the prosecution failed to give prompt notice of the rebuttal witness to the defense. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished decision. *See People v. Muntaqim-Bey*, No. 280323 (Mich. Ct. App. Feb. 5, 2009). Petitioner raised the same claims in the Michigan Supreme Court, which denied leave to appeal because it was not persuaded to review the issues. *See People v. Muntaqim-Bey*, 483 Mich. 1113; 766 N.W.2d 846 (2009) (table).

**B. The *Pro Se* Habeas Corpus Petition**

On June 23, 2010, Petitioner commenced this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent Lloyd Rapelje moved to dismiss the petition on the basis that Petitioner failed to exhaust state remedies for three of his four claims. (ECF No. 10.) The Court agreed that the habeas petition was a mixed petition of one exhausted claim and three unexhausted claims, but denied Respondent's motion and, instead, held the habeas petition in abeyance pending exhaustion of state remedies. The Court also closed the case for administrative purposes. (ECF No. 12.)

**C. State Collateral Review**

Petitioner subsequently filed a motion for relief from judgment in the state trial court. He apparently alleged that: (1) the prosecutor committed a fraud on the court by concealing the true cause of the victim's death; (2) trial counsel was ineffective for

2

failing to investigate and produce the victim's medical records regarding a fall from bed; (3) he was actually innocent of the homicide; (4) appellate counsel was ineffective for not raising all his claims on appeal; and (5) he was denied his right to confront and cross-examine all the witnesses against him regarding the victim's medical treatment. The trial court denied Petitioner's motion after concluding that none of his claims had merit and that all of his claims, except the one about appellate counsel, could have been raised on direct appeal. The trial court also determined that Petitioner had not shown "good cause" or "actual prejudice" under Michigan Court Rule 6.508(D)(3)(a) and (b) for his failure to raise the claims on appeal. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Muntaqim-Bey*, No. 318454 (Mich. Ct. App. Dec. 20, 2013.) On September 5, 2014, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Muntaqim-Bey,* 497 Mich. 852; 852 N.W.2d 168 (2014) (table).

**D. The Amended Habeas Petition, Responsive Pleading, and Motion to Stay**

Petitioner subsequently returned to this Court and filed an amended habeas corpus brief through counsel (ECF No. 19) and a motion to lift the stay (ECF No. 18). In his amended brief, Petitioner argues that: (1) he is innocent of the crime for which he is incarcerated; (2) the prosecutor committed misconduct by (a) misrepresenting evidence during closing arguments and (b) failing to promptly notify the defense of the rebuttal witness; (3) trial counsel was ineffective for (a) failing to investigate the circumstances surrounding the victim's death and (b) failing to object to the rebuttal witness's testimony

on the basis of the husband-wife privilege; (4) appellate counsel was ineffective for failing to raise these issues on direct appeal; and (5) his sentence was imposed contrary to the Fourteenth Amendment. In support of his fifth claim, Petitioner argued that, if the Michigan Supreme Court decided that *Alleyne v. United States,* 570 U.S. __, 133 S. Ct. 2151 (2013), applies to Michigan sentences, Petitioner's sentence was imposed and enhanced on inaccurate or impermissible factors, and re-sentencing is required. The Court granted the motion to lift the stay and re-opened this case. (ECF No. 23.)

In an answer to the amended petition filed on July 24, 2015 (ECF No. 24), Respondent argued that Petitioner's sentencing claim was unexhausted under 28 U.S.C. § 2254 and also premature because the Michigan Supreme Court had not yet decided whether *Alleyne* applied to Michigan's sentencing scheme. On July 29, 2015, the Michigan Supreme Court concluded that "the rule from *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), as extended by *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151, 186 L.Ed. 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient." *People v. Lockridge*, 498 Mich. 358, 364; 870 N.W.2d 502, 506 (2015), *cert. denied*, 136 S. Ct. 590 (2015). Petitioner subsequently moved for a stay of this case while he attempts to exhaust state remedies for his sentencing claim and obtain relief under *Alleyne* and *Lockridge.*

## II. Analysis

### A. The Apprendi/Alleyne Rule

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 489.  In *Alleyne*, the Supreme Court extended this rule to mandatory minimum sentences and held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (internal citation omitted).

### B. Exhaustion of State Remedies and Stays

Petitioner concedes that he did not exhaust state remedies for his sentencing claim, as required by 28 U.S.C. 2254(b)(1).[1]  Therefore, his habeas petition is a mixed petition of exhausted and unexhausted claims.

---

[1] This statutory provision reads:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> > (B)(i) there is an absence of available State corrective process; or
>
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

5

Petitioner seeks a stay so that he can challenge his sentence in state court under *Alleyne* and *Lockridge*, which applied *Alleyne* to Michigan's sentencing scheme. The question is whether the Court should hold Petitioner's habeas corpus petition in abeyance while he exhausts state remedies for his sentencing claim. Petitioner claims that he has an available state remedy because, even though he already filed one motion for relief from judgment, Michigan Court Rule 6.502(G)(2) permits state prisoners to file a second or subsequent motion if there has been a retroactive change in the law.

A federal court may hold a mixed habeas petition in abeyance while a petitioner pursues state remedies for previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). But a stay is permitted only in "limited circumstances," such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.

**C. Application**

Even assuming that Petitioner had good cause for his failure to exhaust state remedies for his sentencing claim sooner and that he is not engaged in dilatory litigation tactics, the Court concludes for the following reasons that Petitioner's unexhausted sentencing claim is not potentially meritorious.

First, *Alleyne* was decided in 2013, years after Petitioner's conviction became final, and the Court has found no state supreme court opinions or orders holding that

---

28 U.S.C. § 2254.

*Lockridge* is retroactive.[2] Even if the Michigan Supreme Court ultimately determines that *Lockridge* applies retroactively, this Court is not bound by the state supreme court's interpretation of *Alleyne*. *See Thompson v. Cockrell*, 263 F.3d 423, 429 (5th Cir. 2001) (stating that, "we are not bound by a state court's interpretation of the federal Constitution"). A federal habeas court may grant relief only if the state court's decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). *Alleyne* was not clearly established federal law in 2007 when Petitioner was sentenced or in 2009 when his conviction became final, and the United States Supreme Court has not decided whether *Alleyne* is retroactive on collateral review. Moreover, the United States Court of Appeals for the Sixth Circuit has held "that *Alleyne* does *not* apply retroactively to cases on collateral review." *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014) (emphasis added).

Second, Petitioner has not demonstrated how *Alleyne* or *Lockridge* apply to the facts of his case. He has not shown, or even alleged, that the state trial court sentenced him on the basis of facts that he failed to admit or that the jury failed to find beyond a reasonable doubt. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003).

Third, there does not appear to be any basis on which Petitioner could prevail under *Alleyne* even if it were retroactive. Petitioner's trial attorney conceded at

---

[2] In *Lockridge*, the Michigan Supreme Court considered how its decision applied to other defendants, but only those defendants whose cases had been held in abeyance until the court issued its decision. *See Lockridge*, 488 Mich. at 394; 870 N.W.2d at 522.

7

Petitioner's sentencing that the offense variables were correctly scored. (Sentencing Tr., at 8, 28, Aug. 27, 2007.) His only objections concerned the scoring of prior record variable two and the prosecution's argument that prior variable one should be scored at fifty points. Petitioner prevailed on his objection to the scoring of prior record variable two regarding two convictions that were reversed.

Although the trial court rejected defense counsel's objection to the prosecutor's request for a score of fifty points for prior record variable one, the dispute was whether there was a ten-year gap between two prior convictions. Petitioner admitted that he had two prior convictions. (*Id.* at 9-10.) Therefore, his right to a jury trial or the standard of proof for contested issues of fact was not implicated. *See Apprendi*, 530 U.S. at 488 (stating that, because the defendant in *Almendarez-Torres*, 523 U.S. 224 (1998), "*admitted* the three earlier convictions for aggravated felonies --all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own – no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court") (emphasis in original).

Even if Petitioner had not admitted the prior convictions, "*Apprendi* . . . preserved the Supreme Court's earlier ruling in *Almendarez-Torres* that a prior conviction is not 'an element of the related crime' that must be submitted to a jury and proven beyond a reasonable doubt." *United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1009 (2015). And *Alleyne* leaves no doubt that *Almendarez-Torres* is still good law. *Id.* at 488-89. In short, "*Alleyne* does not stand for the proposition that a defendant's prior convictions must be submitted to a jury and proven beyond a

reasonable doubt, even when the fact of those convictions increases the mandatory minimum sentence for a crime." *Nagy*, 760 F.3d at 488; *accord People v. Oakley*, No. 324179, 2016 WL 555849, at *6 (Mich. Ct. App. Feb. 11, 2016) (noting that the Michigan Supreme Court's decision in *Lockridge*, did not require a remand "because prior convictions are an exception to the general rule that any fact that increases the penalty for a crime must either be admitted by a defendant or found by a jury beyond a reasonable doubt") (unpublished); *People v. Haymer*, No. 323612, 2016 WL 299745, at *6 (Mich. Ct. App. Jan. 21, 2016) (stating, " 'the fact of a prior conviction' is an exception to the rule that every fact must be found by the jury") (citing *Alleyne*, 133 S. Ct. at 2160 n. 1) (unpublished). "[T]he fact of a prior conviction . . . can still be found by a judge by a preponderance of the evidence . . . . " *United States v. Davis*, 751 F.3d 769, 774 (6th Cir. 2014).

### III. Conclusion

For the reasons given above, the Court concludes that Petitioner's unexhausted sentencing claim is not potentially meritorious. The Court therefore denies Petitioner's motion for a stay while he pursues additional state remedies for the claim. The Court will address Petitioner's habeas claims in a future order.

Dated:  March 25, 2016                             s/ Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge


I hereby certify that on March 25, 2016, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                   s/ Jennifer McCoy
                                                   Case Manager