UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GHALIB ABDUL MUNTAQIM-BEY,

        Petitioner,

v.                                  CASE NO. 10-cv-12478
                                  HONORABLE SEAN F. COX

LLOYD RAPELJE,

        Respondent.
_____/

**ORDER**
**GRANTING PETITIONER'S MOTION TO STRIKE**
**HIS SENTENCING CLAIM** (docket no. 29),
**DENYING PETITIONER'S MOTIONS FOR A STAY** (docket nos. 30 and 32),
**DENYING AS MOOT PETITIONER'S MOTIONS**
**TO STRIKE THE MOTIONS FOR A STAY** (docket nos. 31 and 37),
**DENYING COUNSEL'S MOTION TO WITHDRAW** (docket no. 33),
**AND DENYING PETITIONER'S MOTION** (docket no. 34)
<u>**AND LETTER REQUEST** (docket no. 35)</u> **FOR APPOINTMENT OF COUNSEL**

This habeas corpus case under 28 U.S.C. § 2254 has come before the Court on Petitioner Ghalib Abdul Muntaqim-Bey's motions to strike, to stay, and to appoint counsel. Additionally, counsel for Petitioner has moved to withdraw from the case. The Court shall **GRANT** Petitioner's motion to strike his sentencing claim, but the remaining motions are **DENIED**. The following procedural history of this case serves as an explanation for the Court's rulings.

**BACKGROUND**

In 2007, a jury in Wayne County Circuit Court found Petitioner guilty of second-degree murder, Mich. Comp. Laws § 750.317, and the trial court sentenced Petitioner to prison for a minimum of twenty-eight years and a maximum of forty-one years, eight months. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence

in an unpublished decision, *see People v. Muntaqim-Bey*, No. 280323 (Mich. Ct. App. Feb. 5, 2009), and on June 23, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Muntaqim-Bey*, 483 Mich. 1113; 766 N.W.2d 846 (2009) (table).

On June 23, 2010, Petitioner commenced this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket No. 1). Respondent Lloyd Rapelje moved to dismiss the petition on the basis that Petitioner failed to exhaust state remedies for three of his four claims. (Docket No. 10). The Court agreed that the habeas petition was a "mixed" petition of one exhausted claim and three unexhausted claims. The Court nevertheless denied Respondent's motion and held the habeas petition in abeyance pending exhaustion of state remedies. The Court also closed the case for administrative purposes. (Docket No. 12).

Petitioner subsequently filed a motion for relief from judgment in the state trial court. The trial court denied Petitioner's motion, and the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Muntaqim-Bey*, No. 318454 (Mich. Ct. App. Dec. 20, 2013.) On September 5, 2014, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Muntaqim-Bey,* 497 Mich. 852; 852 N.W.2d 168 (2014) (table).

Petitioner subsequently returned to this Court and filed an amended brief in support of his habeas petition (docket no. 19) and a motion to lift the stay (docket no. 18) through attorney Laura Kathleen Sutton. One of the claims in the brief alleged that, if the Michigan Supreme Court decided that *Alleyne v. United States,* 133 S. Ct. 2151
2

(2013), applied to Michigan sentences, Petitioner's sentence was imposed and enhanced on inaccurate or impermissible factors, and re-sentencing was required. The Court granted the motion to lift the stay and re-opened this case. (Docket No. 23).

In an answer to the amended habeas brief (docket no. 24), Respondent argued on July 24, 2015, that Petitioner's sentencing claim was premature because the Michigan Supreme Court had not yet decided whether *Alleyne* applied to Michigan's sentencing scheme. On July 29, 2015, the Michigan Supreme Court concluded that "the rule from *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), as extended by *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151, 186 L.Ed. 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient." *People v. Lockridge*, 498 Mich. 358, 364; 870 N.W.2d 502, 506 (2015), *cert. denied*, 136 S. Ct. 590 (2015). Petitioner subsequently moved for a stay of this case while he attempted to exhaust state remedies for his sentencing claim and obtain relief under *Alleyne* and *Lockridge.* (Docket No. 27). The Court denied Petitioner's motion on March 25, 2016. (Docket No. 28). Currently pending before the Court are six motions that Petitioner and Ms. Sutton filed after the Court issued its March 25 ruling.

## DISCUSSION

The first motion, filed on March 28, 2016, is Ms. Sutton's motion to strike the sentencing claim in the amended habeas corpus brief. (Docket No. 29).[1] Ms. Sutton argues in the motion that there is no available state-court remedy to exhaust, and to

---

[1] The motion is incorrectly docketed as a motion to strike the order on the motion to stay.

avoid having a "mixed" petition of exhausted and non-exhausted claims, Petitioner wanted to strike his sentencing claim.

On June 23, 2016, Petitioner, acting *pro se*, moved for a stay of his case. (Docket No. 30). On July 8, 2016, however, Ms. Sutton moved to strike Petitioner's *pro se* motion for a stay on the basis that she would be filing a motion to stay in Petitioner's behalf. (Docket No. 31). On the same day, Ms. Sutton moved to stay these proceedings so that Petitioner could exhaust state remedies for his claim of innocence. (Docket No. 32). Additionally, Ms. Sutton moved to withdraw as counsel for Petitioner on the basis that Petitioner continued to pursue independently his legal options. (Docket No. 33).

On July 11, 2016, Petitioner moved for appointment of counsel (docket no. 34), and in a letter to the Court filed on the same day, Petitioner also requested appointment of counsel. (Docket No. 35). On July 22, 2016, however, Petitioner filed a response in opposition to Ms. Sutton's motion to withdraw as counsel and stated that he was allowing Ms. Sutton to represent him "to the fullest." (Docket No. 36). Finally, on August 16, 2016, Petitioner, acting *pro se,* moved to strike the motions for a stay. (Docket No. 37).

## CONCLUSION & ORDER

To summarize, the Court understands Petitioner to be saying that he no longer wants a stay or appointment of a new attorney and that he wants to continue having Ms. Sutton represent him. With this in mind, the Court rules as follows:

- Petitioner's motion to strike the sentencing claim (docket no. 29) is **GRANTED**;

- Petitioner's motions for a stay (docket nos. 30 and 32) are **DENIED**, and the motions to strike the motions for a stay (docket nos. 31 and 37) are **DENIED AS MOOT**;
- Ms. Sutton's motion to withdraw as counsel for Petitioner (docket no. 33) is **DENIED**; and
- Petitioner's motion for appointment of counsel (docket no. 34) and letter requesting appointment of counsel (docket no. 35) are **DENIED**.

The Court will address Petitioner's habeas claims in a future opinion and order. There will be no additional stays, and if Petitioner finds it necessary to file any additional documents in this case, the filings must be submitted through Ms. Sutton.

**IT IS SO ORDERED.**

> S/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: September 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2016, by electronic and/or ordinary mail.

> S/Jennifer McCoy
> Case Manager

5